# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:16 mj 79

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| VIOLET R. McKINNEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#10) filed by the United States Probation Office on July 25, 2016 alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Mary Ellen Coleman, and the Government was present through AUSA John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through her attorney, admitted the allegation contained in the Violation Report.

The Defendant was charged in a bill of information (#1) with stealing and converting to her own use a thing of value of the United States, in violation of 18

U.S.C. § 641, a misdemeanor. A hearing was held in regard to the detention of Defendant on July 15, 2016 and on that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond and further set conditions of release which included the following:

(1)   Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 USC § 802, unless prescribed by a licensed medical practitioner.

On July 18, 2016 the Defendant submitted to an urinalysis test at which time Defendant tested positive for use of cocaine and marijuana. The Defendant admitted verbally and in writing that she had used cocaine and marijuana on July 17, 2016 and she had used cocaine on July 20, 2016.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1)   finds that there is----
       (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
       (B) clear and convincing evidence that the person has violated any other condition of release; and
(2)   finds that ---

2

  (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
  (B) the person is unlikely to abide by any condition or combination of conditions of release.

  If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence and the admission of Defendant, the undersigned finds there is probable cause to believe that Defendant has committed federal and state crimes while on release. The Defendant possessed marijuana so she could consume that substance and that possession violated both federal and state law. The Defendant also possessed cocaine for consumption. The possession of cocaine is a felony under state law, N.C.G.S. § 90-95(a)(3), and the possession of cocaine is at least a misdemeanor under federal law, 21 USC § 844. Due to the fact there is probable cause to believe that Defendant a state felony, a rebuttable presumption arises, pursuant to 18 USC § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release which directed her to refrain from use or

unlawful possession of a narcotic drug or other controlled substance unless it is prescribed by a licensed medical practitioner. Cocaine is not a drug that is prescribed by a license medical practitioner in this state.

Due to the findings made above and further considering the presumption that has been created, and also considering the factors as set forth under 18 USC § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely the Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an Order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an Order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release (#5) and (#6) entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter. This Order is entered without prejudice to Defendant filing a motion in the cause showing that she has been accepted into a residential

inpatient substance abuse treatment program.

Signed: September 8, 2016

Dennis L. Howell
United States Magistrate Judge